IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHA P. DEVON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WYNDER WARDEN S.C.I.D., THE | : | |
| DISTRICT ATTORNEY OF THE | : | |
| COUNTY OF PHILADELPHIA, and | : | |
| THE ATTORNEY GENERAL OF THE | : | |
| STATE OF TOM CORBETT | : | NO. 07-1729 |

**MEMORANDUM AND ORDER**

**NORMA L. SHAPIRO, S.J.**                                           **AUGUST 27, 2007**

Petitioner Sha P. Devon ("Devon"), a prisoner at the State Correctional Institution at Dallas, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and moved for equitable relief and relief from judgment. The petition will be dismissed as second or successive. The motion for equitable relief and relief from judgment will be denied.

**I.   FACTS AND PROCEDURAL HISTORY**

Devon was convicted of murder in the first degree and conspiracy to commit murder on September 24, 1990, following a non-jury trial in the Court of Common Pleas of Philadelphia County. Devon has filed in this court three previous § 2254 habeas petitions. See Devon v. Vaughn, No. 94-cv-2534 (E.D. Pa.); Devon v. Commonwealth, No. 98-cv-3330 (E.D. Pa.); and Devon v. Wynder, No. 04-cv-4477 (E.D. Pa.). Devon's first habeas petition was referred to Magistrate Judge Charles B. Smith, who considered Devon's claims on the merits and recommended that his petition be denied and dismissed without an evidentiary hearing. The court approved and adopted the report and recommendation. The claims raised in Devon's second habeas petition were dismissed with prejudice.

In his third habeas petition, Devon argued judicial misconduct and miscarriage of justice because the trial judge allegedly expressed his intent to sentence Devon under conspiracy to commit murder only, but later found him guilty of both conspiracy to commit murder and first degree murder. Devon also argued the state prosecutor interfered with the verdict and his defense attorney rendered ineffective assistance of counsel. The court found Devon's first three claims, alleging judicial misconduct, miscarriage of justice, and prosecutorial misconduct, had been considered and denied on the merits in both his previous habeas petitions. Because Devon's third habeas petition was second or successive, it was dismissed with prejudice as to his first three claims, and without prejudice to his right to seek an order from the Court of Appeals authorizing this court to consider his ineffective assistance of counsel claim.

On April 27, 2007, Devon filed the instant petition alleging his 1990 state court conviction violated the Double Jeopardy Clause because, as alleged in the previous petitions, the trial judge stated he would find Devon guilty of conspiracy only, but found Devon guilty of first degree murder as well as conspiracy to commit murder. Devon, arguing it was error for the court to deny him an evidentiary hearing, has also filed a motion for equitable relief and relief from judgment.

**II.   DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts the ability of federal courts to award relief to a state prisoner who files a second or successive habeas corpus petition. Tyler v. Cain, 533 U.S. 656, 661 (2001). Under AEDPA, a claim presented in a second or successive habeas petition under 28 U.S.C. § 2254 must be dismissed if it was adjudicated in a previous petition. 28 U.S.C. § 2244(b)(1); Gonzalez v. Crosby, 545 U.S. 524,

529-30 (2005).  Any claim that has not already been adjudicated must be dismissed unless it relies on a new and retroactive rule of constitutional law, or new facts showing a high probability of actual innocence.  28 U.S.C. § 2244(b)(2); Gonzalez, 545 U.S. at 530.  Before the court may accept a successive petition for filing, the Court of Appeals must determine that it presents a claim not previously raised that is sufficient to meet the new rule or actual innocence provisions.  28 U.S.C. § 2244(b)(3); Gonzalez, 545 U.S. at 530.

Devon argues he is entitled to relief under the Supreme Court's decision in Smith v. Massachusetts, 543 U.S. 462 (2005), filed subsequent to Devon's third habeas petition.  In Smith, the Court found that where a judge grants a motion for a finding of not guilty on one count but later reconsiders the decision and allows the count to go to the jury, the Double Jeopardy Clause is violated unless the availability of reconsideration has been plainly established.  Id. at 473.  The Court of Appeals has not given permission for Devon to file a successive petition relying on Smith.

Devon's habeas petition is based upon the same facts alleged in his previous habeas petitions, and the Court of Appeals has not determined under 28 U.S.C. § 2244(b)(2) that the petition presents a claim not previously raised that relies on a new and retroactive rule of constitutional law, so the petition will be dismissed without prejudice.

Devon has filed a motion for equitable relief and relief from judgment.  He claims the allegedly erroneous denial of an evidentiary hearing entitles him to relief under Federal Rule of Civil Procedure 60(b)(6); however, Rule 60(b)(6) does not govern Devon's motion.[1]  Rule

---

[1] The court treats a motion based upon its substance, not its form.  See Ortho Pharmaceutical Corp. v. Amgen, Inc., 887 F.2d 460, 463 (3d Cir. 1989).

60(b)(6) provides for relief from a final judgment or order only if there are "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Sawka v. Healtheast, 989 F.2d 138, 140 (3d Cir. 1993). Legal error, without more, cannot justify granting a Rule 60(b) motion. Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004); Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988).

In contrast to a motion under Rule 60(b), a motion to alter or amend a judgment under Rule 59(e) is used to allege legal error. United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). The Court of Appeals has found a motion arguing the court should have conducted an evidentiary hearing on a petitioner's habeas claim alleges legal error and therefore is deemed a Rule 59(e) motion rather than a Rule 60(b) motion. Id. Like the petitioner's motion in Fiorelli, Devon's motion argues the court erred by failing to conduct an evidentiary hearing on his habeas claim. The court will deem the motion a request under Rule 59(e).

Rule 59(e) provides any motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment. Fed.R.Civ.P. 59(e); see also Smith, 853 F.2d at 159. The Magistrate Judge's report and recommendation that Devon's first habeas petition should be denied without an evidentiary hearing was filed on June 21, 1994. The court's order adopting the Magistrate Judge's report and recommendation was filed on July 21, 1994. Devon's Rule 59(e) motion arguing that an evidentiary hearing should have been granted, filed more than twelve years after the events at issue, is clearly untimely.[2]

Devon's motion also argues the court has the inherent power under Article III and 28

---

[2] Even if the court deemed Devon's motion a Rule 60(b)(6) motion, it would be untimely because Rule 60(b)(6) motions must be "made within a reasonable time." Fed.R.Civ.P. 60(b).

4

U.S.C. § 2243, unconstrained by AEDPA, to reopen his first habeas petition.  A federal court may adjudicate a claim only if the court has jurisdiction under Article III and under a federal statute.  West Penn Power Co. v. Train, 522 F.2d 302, 313-14 (3d Cir. 1975); Rainey v. Wynder, 2007 WL 2221410 at *4 (E.D.Pa. July 30, 2007); Wells v. Wynder, 2007 WL 1366792 at *4 (E.D.Pa. May 28, 2007).  The court must follow the provisions of AEDPA and cannot reopen a previous judgment solely under Article III.  Wells, 2007 WL 1366792 at *4.  Section 2243, directing the court to "summarily hear and determine the facts, and dispose of [a petition for writ of habeas corpus] as law and justice require," does not authorize the court to reopen a prior habeas judgment.  Rainey, 2007 WL 2221410 at *4; Wells, 2007 WL 1366792 at *4.  Devon's motion for equitable relief and relief from judgment will be denied.

### III.    CONCLUSION

Devon's petition for writ of habeas corpus will be dismissed without prejudice as a second or successive petition.  Devon's motion for equitable relief and relief from judgment will be denied as untimely.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHA P. DEVON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WYNDER WARDEN S.C.I.D., THE | : | |
| DISTRICT ATTORNEY OF THE | : | |
| COUNTY OF PHILADELPHIA, and | : | |
| THE ATTORNEY GENERAL OF THE | : | |
| STATE OF TOM CORBETT | : | NO. 07-1729 |

## ORDER

**AND NOW**, this 27th day of August, 2007, upon consideration of Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, for the reasons stated in the accompanying memorandum, it is **ORDERED** that:

1. The Petition for Writ of Habeas Corpus is **DISMISSED without prejudice**.

2. Petitioner's attached motion for equitable relief and for relief from judgment is filed nunc pro tunc as of April 27, 2007.

3. Petitioner's motion for equitable relief and for relief from judgment is **DENIED**.

4. The Clerk of Court shall mark this matter **CLOSED**.

5. There is no basis for issuing a certificate of appealability because Petitioner has not made a substantial showing of the denial of a Constitutional right, or shown that reasonable jurists would disagree that this is a second or successive habeas petition.

    /s/ Norma L. Shapiro
Norma L. Shapiro, S.J.